## Ex parte LYNN.

## LYNN v. STATE.

### (6 Div. 465.)

(Supreme Court of Alabama. June 25, 1925. Rehearing Denied Dec. 10, 1925.)

Pinkney Scott, of Bessemer, for petitioner.

It was prejudicial error for the solicitor to comment, in argument, upon the fact that defendant summoned witnesses that he did not put upon the stand. Mann v. State, 134 Ala. 20, 32 So. 704; Brock v. State, 123 Ala. 26, 26 So. 329; Thomas v. State, 156 Ala. 173, 47 So. 257. Supreme Court rule 45 has no application to this case. Bates v. Morris, 101 Ala. 282, 13 So. 138; Jordan v. Austin, 161 Ala. 589, 50 So. 70; Coosa Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 So. 451.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

PER CURIAM. Without committing this court to all that appears in the opinion of the Court of Appeals, the majority of this court consisting of ANDERSON, C. J., and SOMERVILLE, GARDNER, and MILLER, JJ., are of opinion that the decision of the Court of Appeals should not be here revised upon the finding of error without injury in this cause, and on this ground the writ is denied.

Justices SAYRE, THOMAS, and BOULDIN are of opinion that the evidence commented upon by state's counsel was erroneously admitted, over defendant's objection and exception, and that the argument of the solicitor transcended the rule, and that the writ should be granted. Writ denied.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and MILLER, JJ., concur.
SAYRE, THOMAS, and BOULDIN, JJ., dissent.

━━━━━

(106 So. 395)

## Ex parte D. J. BATES. (6 Div. 581.)

(Supreme Court of Alabama. Dec. 10, 1925.)

Certiorari to Court of Appeals.

Graham Perdue, of Birmingham, for petitioner.
Jones & Thomas, of Montgomery, and McClellan, Rice & Stone and J. K. Jackson, of Birmingham, opposed.

ANDERSON, C. J. Petition of D. J. Bates for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Bates v. Louisville & Nashville R. R. Co., 106 So. 395.
Writ denied.
All the Justices concur.